# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 4, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JAMES SLATE,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0073** (BOR Appeal No. 2049611)
                        (Claim No. 2013030896)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**CASEY DEVELOPMENT CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Slate, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2014, in which the Board affirmed a July 2, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 23, 2013, decision rejecting Mr. Slate's application for workers' compensation benefits for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Slate, a coal miner, alleges that he developed occupational pneumoconiosis in the course of his employment for Casey Development Corporation. In an employee's report of occupational pneumoconiosis, Mr. Slate stated that he was informed on December 13, 2012, by Dominic Gaziano, M.D., that he had occupational pneumoconiosis. He listed various coal mining jobs with dust exposure from 1944 to 1984. Casey Development Corporation was listed from 1984 to 1984. In a physician's report of occupational pneumoconiosis, Jennifer Hadley, D.O., stated that Mr. Slate had coal dust exposure and that his first date of treatment was on April 22, 2013. He complained of shortness of breath and chronic cough.

Mr. Slate worked in coal mines for various employers for approximately twenty years. He testified in a deposition on April 29, 2014, that he started working in coal mines around 1944 as a roof bolter for Valley Camp Coal Company and worked there for fifteen years. He then worked for Crucible Steel for three to four years as a rock driller. After that he worked for Union Carbide as a roof bolter. He was there for approximately four years. Mr. Slate testified that he was exposed to hazardous dust while he worked for all of these companies. Mr. Slate stated that he then worked construction where he was exposed to very little dust. He said that he filed for black lung benefits in the 1970s and was denied. He asserted that he now has shortness of breath regularly and a sometimes productive cough.

The claims administrator rejected the application for occupational pneumoconiosis on September 23, 2013. It stated that the denial was due to an incomplete application. West Virginia Code of State Rules § 85-20-52.1 (2006) requires the claimant to file a fully completed occupational pneumoconiosis application which consists of the employee's report of occupational pneumoconiosis, the physician's report of occupational pneumoconiosis, an x-ray report, and a list of exposures. If the application is not complete, it must be rejected. The claims administrator stated that it requested a more specific employment history because Mr. Slate failed to include exposure history or details of employment. He only provided years of employment. The Office of Judges affirmed the claims administrator's decision. It stated that it is Mr. Slate's burden to establish his claim, and though he filed for occupational pneumoconiosis within the three years of the date of a diagnosed impairment, it is not clear from the record presented who the employer was during his last continuous period of sixty days of exposure. He testified in his deposition that he was last exposed to coal dust while working for Union Carbide in 1973. Based on the record, the Office of Judges concluded that it could not be established that Mr. Slate was exposed to the hazards of coal dust for sixty consecutive days while employed by Casey Development Corporation. Further, while the record may indicate an exposure history to the hazards of occupational pneumoconiosis from 1958 to 1984, it does not specify dates of exposure, merely years, and listed Casey Development Corporation from 1984 to 1984. The Office of Judges therefore held that Mr. Slate failed to provide sufficient employment and exposure information to establish that he met the statutory requirement found in West Virginia Code §§ 23-4-8c(b) (2009), 23-4-15 (2010), and 23-4-15b (2009). The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 23, 2014. The Board of Review clarified that its decision applied only to Casey Development Corporation and does not prevent Mr. Slate from filing an application for occupational pneumoconiosis against other employers.

On appeal, Mr. Slate argues that he was exposed to coal dust while working for various companies for close to twenty years and therefore meets the statutory dust exposure requirements under West Virginia Code § 23-4-1 (2008). He asserts that he was made aware of his lung problems caused by dust exposure on December 13, 2012, and filed his application on April 23, 2013, within the three year statute of limitations. The West Virginia Office of the Insurance Commissioner argues that Mr. Slate failed to provide any specific details or dates of employment during which he would have been exposed to dust hazards.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Though he may have been exposed to hazardous dust, Mr. Slate failed to establish the required sixty days of continuous exposure while working for Casey Development Corporation that is required under West Virginia Code § 23-4-15. His claim for occupational pneumoconiosis while employed there must therefore be denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3